# United States Court of Appeals for the Federal Circuit

04-1475, -1512

UNION CARBIDE CHEMICALS & PLASTICS TECHNOLOGY CORPORATION
and UNION CARBIDE CORPORATION,

Plaintiffs-Cross Appellants,

v.

SHELL OIL COMPANY, SHELL CHEMICAL COMPANY,
and CRI CATALYST COMPANY,

Defendants-Appellants.

Harry J. Roper, Jenner & Block LLP, of Chicago, Illinois, argued for plaintiffs-cross appellants. With him on the brief were David R. Bennett, Aaron A. Barlow, and Raymond N. Nimrod; Paul M. Smith and Marc A. Goldman, of Washington, DC. Of counsel on the brief was Bruce M. Kanuch, The Dow Chemical Company, of Midland, Michigan.

William C. Slusser, Slusser Wilson & Partridge LLP, of Houston, Texas, argued for defendants-appellants. With him on the brief were Jayme Partridge and Jayne Piana. Of counsel on the brief were John D. Norris and Richard L. Stanley, Howrey LLP, of Houston, Texas. Of counsel were Laura F. Jones, Keith Jaasma and Michael E. Wilson, Slusser Wilson & Patridge LLP, of Houston, Texas.

Appealed from: United States District Court for the District of Delaware

Chief Judge Sue L. Robinson

# United States Court of Appeals for the Federal Circuit

04-1475, -1512

UNION CARBIDE CHEMICALS & PLASTICS TECHNOLOGY CORPORATION
and UNION CARBIDE CORPORATION,

Plaintiffs-Cross Appellants,

v.

SHELL OIL COMPANY, SHELL CHEMICAL COMPANY,
and CRI CATALYST COMPANY,

Defendants-Appellants.

ON PETITION FOR PANEL REHEARING
AND REHEARING EN BANC

Before MICHEL, <u>Chief Judge</u>, NEWMAN, MAYER, LOURIE, CLEVENGER, RADER, SCHALL, BRYSON, LINN, DYK, and PROST, <u>Circuit Judges</u>.

O R D E R

A combined petition for panel rehearing and rehearing en banc was filed by the Appellants[1], and a response thereto was invited by the court and filed by the Cross Appellants. The petition for rehearing was referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc, amici curiae briefs and response were referred to the circuit judges who are authorized to request a poll whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

---

[1]  Amicus Curiae briefs were filed by:
   1- The American Intellectual Property Law Association and Federal Circuit Bar Association.
   2- M-1 L.L.C.
   3- Microsoft Corporation.
   4- Fédération Internationale des Conseils en Propriété Industrielle.

IT IS ORDERED THAT:

(1)  The petition for panel rehearing is denied.

(2)  The petition for rehearing en banc is denied.

(3)  The mandate of the court will issue on January 17, 2006.

LOURIE, Circuit Judge, with whom MICHEL, Chief Judge, and LINN, Circuit Judge, join, dissents in a separate opinion.

DYK, Circuit Judge, dissents.

GAJARSA, Circuit Judge, did not participate in the vote.

FOR THE COURT

_January 10, 2006__                           _s/Jan Horbaly___
        Date                                  Jan Horbaly
                                              Clerk


cc:    Harry J. Roper, Esq.
       William C. Slusser, Esq.
       Constantine L. Trela, Jr., Esq.
       Maxim H. Waldbaum, Esq.
       Edward R. Reines, Esq.
       Jeffrey D. Mills, Esq.

# United States Court of Appeals for the Federal Circuit

04-1475, -1512

UNION CARBIDE CHEMICALS & PLASTICS TECHNOLOGY CORPORATION
and UNION CARBIDE CORPORATION,

Plaintiffs-Cross Appellants,

v.

SHELL OIL COMPANY, SHELL CHEMICAL COMPANY,
and CRI CATALYST COMPANY,

Defendants-Appellants.

LOURIE, Circuit Judge, with whom MICHEL, Chief Judge, and LINN, Circuit Judge, join, dissenting from the order denying rehearing en banc.

I hereby dissent from the decision of the court not to hear this case en banc to consider whether § 271(f) applies to process inventions. The panel opinion held that "§ 271(f) governs method/process inventions." Union Carbide Chemicals & Plastics Tech. Corp. v. Shell Oil Co., 425 F.3d 1366, 1380. However, I believe that conclusion is contrary to the statutory scheme and to recent case law.

The statute itself speaks of supplying "components of a patented invention, where such components are uncombined . . . in such manner as to actively induce the combination of such components outside of the United States." 35 U.S.C. § 271(f). The whole tenor of that provision relates to physical inventions, i.e., apparatus or compositions, not methods. We recently extended the meaning of "component" to include what traditionally would be physical components, but which, in an electronic

world, supplied electronically, are the equivalent of physical components. See Eolas Techs. V. Microsoft., 399 F.3d 1325, 1338 (Fed. Cir. 2005); AT&T Corp. v. Microsoft Corp., 414 F.3d 1366, 1368 (Fed. Cir. 2005). But the inventions in those cases were apparatus or systems, not methods or process. And in RIM, we distinguished method claims, holding that, while a system claim could be infringed even though one of its components was outside of the United States, that was not true for the method claim. NTP, Inc. v. Research in Motion, Ltd., 418 F.3d 1282, 1322 (Fed. Cir. 2005) (declining to find infringement under § 271(f) with regard to a method claim).

A component of a process is a step in the process; it is not the physical material to be used in the process. What the panel opinion here holds is that supplying a component to be used in one of the process steps can create infringement. That is, in my view, an incorrect an extension of the statutory language.

Moreover, § 271(c), which is a kind of reverse provision to 271(f), expressly recites "a component of a patented machine, manufacture, combination or composition, or a material . . . for use in practicing a patented process." 35 U.S.C. § 271(c). The separate recitation of a component of a machine, etc., and a material for use in practicing a process indicates Congress's recognition of the distinction between the two situations that the panel opinion here has confused. Supplying a component for use in practicing a patented process or method is not what Congress had in mind in enacting § 271(f). A material for use in practicing a process is not a component of that process.

The present holding is also contrary to our holding in Standard Havens, where we held that "we do not find the provisions of 35 U.S.C. §271(f) (1988) to be implicated" in a situation where an apparatus for use in a patented process was sent abroad.

Standard Havens Prods., Inc. v. Gencor Indus. Inc., 953 F.2d 1360, 1374 (Fed. Cir. 1991).

I therefore respectfully dissent from the decision of the court not to rehear this case en banc.